UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT CUNDIFF et al.                                                                    PLAINTIFFS

vs.                                           CIVIL ACTION NO. 3:19-CV-00197-CRS-LLK

WORLDWIDE BATTERY CO., LLC                                                      DEFENDANT

MEMORANDUM OPINION

I. Introduction

This matter is before the Court on Defendant Worldwide Battery Co., LLC's ("Worldwide Battery") motion for summary judgment. DN 67. Plaintiff Robert Cundiff ("Cundiff") responded. DN 83. Worldwide Battery replied. DN 88. The matter is now ripe for review. For the reasons stated herein, the Court will grant Worldwide Battery's motion.

II. Factual Background and Procedural History

This is a trip-and-fall case. Cundiff is a delivery worker for Total Truck Parts. DN 83 at 1. As part of his employment, Cundiff has visited Worldwide Battery and other automobile parts stores on numerous occasions. DN 67-2 at 57. On July 14, 2017, Cundiff went to Worldwide Battery to pick up an order of batteries pursuant to his employment with Total Truck Parts. DN 67-1 at 1; DN 83 at 1. While on Worldwide Battery's premises, Cundiff tripped over "two large black machine batteries" near the customer service desk. *Id*.

According to Cundiff, the two batteries were "partially blocked from view" by a counter and were "sitting on a black rug." DN 67-3 at 3. Cundiff contends that the batteries were partially camouflaged by the black rug. DN 83 at 2. At his deposition, Cundiff testified that he was not looking at the ground when he tripped over the batteries. DN 67-2 at 106. Cundiff further testified:

> Q. Right. Had you been looking at the ground though, you would have been able to see some of the batteries?
>
> A. I would say so, yeah. If I had been looking at the ground.

*Id.* at 105. Cundiff reiterated this point later in his deposition; he stated:

> Q. But again, had you been looking at the ground do you think you would have been able to see those batteries?
>
> A. Probably.

*Id.* at 106. According to Cundiff, he suffered injuries as a "direct and proximate result" of the trip-and-fall for which he is entitled to compensatory damages. DN 95-1 at ¶ 10.

Cundiff originally filed this suit in state court. DN 95-1. He brought a single claim of negligence against Worldwide Battery. *Id*. at ¶ 5–10. New Hampshire Insurance Co. successfully intervened in the state case. DN 1-1 at 7. New Hampshire Insurance Co. allegedly paid Cundiff workers' compensation benefits arising out of the trip-and-fall injury. *Id*. Further, New Hampshire Insurance Co. filed a cross-claim against Cundiff with regard to his workers' compensation benefits. *Id*. at 8. Worldwide Battery removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. DN 1.

### III. Legal Standard

Summary judgment is appropriate when the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id*. In undertaking this analysis, the Court

must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris,* 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of proof for establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the…presence of a genuine dispute." Fed. R. Civ. P. 56(C)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party also "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

**IV. Discussion**

Cundiff asserts a single claim of negligence against Worldwide Battery, arguing that Worldwide Battery negligently maintained the area where he fell and failed to warn him of the danger in that area. DN 95-1. Worldwide Battery argues that the two batteries which Cundiff fell over were an "open and obvious" condition and, therefore, Worldwide Battery satisfied the standard of care it owed to Cundiff and cannot be held liable for negligence. DN 67 at 8.

Under Kentucky law, a plaintiff's negligence claim must demonstrate, "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc., v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). The only issue presented to the Court is whether Worldwide Battery breached the duty of care it owed to Cundiff.[1] Under Kentucky law, the open and obvious doctrine is incorporated into

---

[1] Worldwide Battery also argued that it was entitled to summary judgment because Cundiff failed to present any expert testimony to support his claim for damages. DN 67-1 at 12. After Worldwide Battery filed its motion for summary

3

the breach analysis. *Shelton v. Ky. Easter Seals Soc., Inc.,* 413 S.W.3d 901, 911. In 2010, the Kentucky Supreme Court abandoned the traditional approach to the open and obvious doctrine. *Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 389 (Ky. 2010). Under the traditional rule, invitees could not hold a defendant-land possessor liable for injuries caused by open and obvious dangers. *Id.* at 388. The open and obvious doctrine was a complete defense to premises liability. *Shelton,* 413 S.W.3d at 906. In *McIntosh*, the Kentucky Supreme court articulated a modern approach to the open and obvious doctrine, consistent with the Restatement (Second) of Torts § 343A. *McIntosh,* 319 S.W.3d at 389. "The real question under the modern approach is whether the defendant-land possessor satisfied the standard of care it owed to the plaintiff." *Wiley v. Sam's Club, Inc*. No. 3:14-CV-54-GNS, 2015 WL 3687440, at *2 (W.D. Ky. June 12, 2015) (citing *Shelton*, 413 S.W.3d at 910–11). "The obviousness of [a] condition is a 'circumstance' to be factored under the standard of care." *Shelton*, 413 S.W.3d at 911.

To determine whether a defendant-land possessor breached the standard of care owed to an invitee, "the Court (or the trier of fact) must determine whether the land possessor satisfied its duty 'to eliminate or warn of unreasonable risks of harm.'" *Wiley*, 2015 WL 3687440 at *3 (citing *Shelton*, 413 S.W.3d at 914). "Normally, an open-and-obvious danger may not create an unreasonable risk." *Shelton*, 413 S.W.3d at 914. As specific examples, the Kentucky Supreme Court has held that a small pothole in a shopping mall parking lot, steep stairs leading to a place of business, and a simple sidewalk curb were all open and obvious dangers that did *not* create an unreasonable risk. *Id*. But, under limited circumstances, an open and obvious danger may create an unreasonable risk: (1) "when a defendant has reason to expect that the invitee's attention may

---

judgment, the Magistrate Judge granted Cundiff's motion for an extension of time to file Cundiff's expert witness disclosure. DN 82; DN 89. Cundiff submitted his expert witness disclosure along with his motion. DN 82-2. Worldwide Battery did not include any arguments regarding Cundiff's expert witness disclosure in its reply brief. DN 88. Worldwide Battery's argument regarding damages is therefore moot and will not be considered by the Court.

4

be distracted, so that he will not discover what is obvious or will forget what he discovered, or fail to protect himself against it," or (2) "when a defendant has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id*. The Kentucky Supreme Court has emphasized foreseeability in this analysis. "[I]f a 'land possessor could reasonably foresee than an invitee would be injured by the danger,' then [the land possessor] is liable irrespective of the obviousness of the condition." *Wiley*, 2015 WL 3687440 at *3 (citing *McIntosh*, 319 S.W.3d at 392).

Whether a defendant-land possessor breached the standard of care it owed to invitees is generally a question of fact for the jury. *Id.* at 3. But, the Kentucky Supreme Court has held that summary judgment remains a "viable concept" under the modern approach. *Shelton*, 413 S.W.3d at 916. "Summary judgment remains appropriate when 'it would be unreasonable for a jury to find breach or causation.'" *Id*. The question for this Court becomes, viewing the facts in the light most favorable to Cundiff, whether a reasonable jury could find that Worldwide Battery breached its duty of care to Cundiff.

    A.    **Open and Obvious Condition**

Because it is undisputed that Cundiff was an invitee, Worldwide Battery owed Cundiff a general duty "to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Id.* at 909. To determine whether Worldwide Battery breached this duty, the Court must first consider whether the batteries were an open and obvious condition. *Id*. at 911. "Under Kentucky law, a condition is 'open and obvious' if it is *either* subjectively known by the plaintiff *or* objectively obvious." *Dick's Sporting Goods v. Webb*, 413 S.W.3d 891, 895 (Ky. 2013) (emphasis added). A plaintiff subjectively knows of a condition when he is aware "not only…of

5

the existence of the condition or activity itself, but also appreciate[s]…the danger it involves." *Id*. A condition is objectively obvious when, "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence and judgment." *Id*. This is a disjunctive inquiry for the Court. *Wiley*, 2015 WL 3687440 at *4 (citing *Webb*, 413 S.W.3d. at 896 (stating that a defendant will not be subject to liability if the condition at issue is either subjectively known or objectively obvious)).

First, a reasonable jury could find that Cundiff was not subjectively aware of the batteries or the danger they presented. Cundiff stated that he was not looking at the ground when he tripped over the batteries. DN 67-2 at 106. Cundiff further contends that the batteries were "partially blocked" by the customer service desk and were on a black rug, making them "less obvious" to him and partially camouflaged. 67-3 at 3; DN 83 at 2. Viewing the facts in the light most favorable to Cundiff, a reasonable jury could find that Cundiff did not know the batteries existed or appreciated the danger the batteries posed. Accordingly, this is a factual issue that cannot be appropriately resolved on summary judgment.

As for objective obviousness, the Court finds that a reasonable person exercising ordinary perception in Cundiff's circumstance would have recognized the batteries and their inherent risks. Under Kentucky law, "a customer in a store may assume that the floor will be free from obstructions of a dangerous nature." *Webb*, 413 S.W.3d. at 900. But, customers "may not walk blindly, irrespective of obvious danger." *Id*. While Cundiff was not required to watch his every step in Worldwide Battery, he admitted that he "probably" would have seen the batteries "[i]f he had been looking at the ground." DN 67-2 at 106. Cundiff also admits that the batteries were only *partially* blocked by the counter, meaning that the batteries were also partially visible to him. DN 67-3 at 3. This further reinforces the assertion that Cundiff would have seen the batteries had he

been looking where he was walking. Based on Cundiff's own testimony, it would be unreasonable for a jury to find that Cundiff, exercising ordinary perception in his circumstance, would not have recognized the batteries and their inherent risks. Accordingly, despite the factual issue of subjective awareness, the Court nonetheless finds that the batteries were an open and obvious condition.

### B. Foreseeability

Having found that the batteries were an open and obvious condition, the Court must next determine whether the batteries nonetheless presented an unreasonable risk. *Shelton*, 413 S.W.3d at 911, 914. The Court must analyze whether Worldwide Battery had reason to foresee that Cundiff would have (1) been distracted, so that he would not have discovered the batteries, (2) forgotten about the batteries after he discovered them, or (3) failed to protect himself against the batteries. *Id.* The other possible factor—that Worldwide Battery had reason to expect that Cundiff would proceed to encounter the batteries because a reasonable person in his position would see the advantages of doing so as outweighing the risks—is inapplicable here.

Cundiff was on Worldwide Battery's premises to pick up an order of vehicle batteries. DN 67-1 at 1. As a delivery worker for Total Truck Parts, Cundiff had visited numerous automobile parts stores, including Worldwide Battery, prior to his fall. DN 67-2 at 57. He further admits that he has seen batteries on the floor at other automobile parts stores. *Id.* at 62. There is no evidence in the record to suggest that Worldwide Battery could have foreseen that Cundiff would have tripped over the batteries. The batteries in this case are akin to "a small pot hole in the parking lot of a shopping mall[,] steep stairs leading to a place of business[,] or perhaps even a simple curb," all of which the Kentucky Supreme Court found did not present an unreasonable risk of harm. *Shelton*, 413 S.W.3d. at 914. Accordingly, the Court finds that the batteries did not present an

7

unreasonable risk and Worldwide Battery had no reason to foresee that Cundiff would trip over them.

## C. Worldwide Battery's Standard of Care

Since the Court finds that the batteries were an open an obvious condition that did not present an unreasonable risk, the standard of care did not require Worldwide Battery to eliminate the batteries or warn Cundiff about them. *Shelton*, 413 S.W.3d at 909. In accordance with Kentucky law, Worldwide Battery expected that its invitees would not walk blindly through its premises. *Webb,* 413 S.W.3d at 900. That is precisely the situation presented here. Cundiff admits he was not looking at the ground when he tripped over the batteries and "probably" would have seen them otherwise. DN 67-2 at 106. And, Cundiff admits that the batteries would have been partially visible to him had he been looking at the ground. DN 67-3 at 3. Accordingly, no reasonable jury could find that Worldwide Battery breached its standard of care. Worldwide Battery is therefore entitled to summary judgment.

## V. Conclusion

For the reasons stated herein, the Court will grant Defendant Worldwide Battery Co., LLC's motion for summary judgment. DN 67. A separate order will be entered in accordance with this opinion.

April 2, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**